IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-16-170-1 |
| | § | |
| KHADER FAHED TANOUS | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Khader Fahed Tanous, a federal prisoner represented by counsel, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 702.) The Government filed a response opposing the motion. (Docket Entry No. 703.)

Having considered the motion, the response, the record, matters of public record, and the applicable law, the Court DENIES the motion for compassionate release, as explained below.

*Background*

Defendant is a 54-year-old male prisoner currently confined at the Bureau of Prisons ("BOP") Petersburg Low FCI in Hopewell, Virginia. Defendant pleaded guilty pursuant to a written plea agreement on April 3, 2018, to one count of conspiracy to possess with intent to distribute a schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). The Court assessed punishment at 121 months' imprisonment in the BOP on December 4, 2018, followed by a three-year term of supervised release. The BOP currently reports defendant's anticipated release date as December 19, 2024. The parties do not dispute that defendant has served approximately 48% of his original sentence and/or approximately 56% of his time per his BOP projected release date.

Although his motion makes no mention of it, defendant tested positive for COVID-19 in September 2020 during his incarceration and was placed in isolation. (Docket Entry No. 703, p. 2.)

He has apparently fully recovered. Defendant contends that he is entitled to a compassionate release due to asthma, his age, and wanting to help care for his aging mother in Virginia. Defendant asks the Court to grant his motion, reduce his sentence to time served, and order a term of supervised release not to exceed the balance of his remaining sentence. (Docket Entry No. 702, p. 8.)

### *Legal Standards*

Defendant brings his motion for a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction," and that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §§ 3582(c)(1)(A), (A)(i).

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13.[1] The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the court's reference to the Guidelines is only one step in its own determination of

---

[1] The Fifth Circuit Court of Appeals has not determined whether Sentencing Guideline § 1B1.13 applies to motions for compassionate release, and recognizes that there is a split of authority as to the issue. *See*, *e.g.*, *United States v. Gowdy*, 832 F. App'x 325, 327 (5th Cir. Dec. 28, 2020).

whether extraordinary and compelling reasons warrant a reduction of a defendant's sentence. The court is free to determine whether a defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

The court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Moreover, Sentencing Guideline section 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" to warrant a sentence reduction, the defendant is found not to pose a risk of danger to the community, and a sentence reduction is consistent with United States Sentence Commission policy statements.

### *Analysis*

*Exhaustion*

The Government does not contest defendant's statement that he exhausted prison administrative remedies prior to filing his motion. Accordingly, defendant may pursue the instant motion. *See United States v. Franco*, 973 F.3d 465 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020).[2]

*Extraordinary and Compelling Reasons*

Defendant argues that his current medical condition of asthma, his age, and his desire to help care for his aging parent constitute extraordinary and compelling reasons for his release from prison. He argues that the CDC recognizes asthma as a medical condition that leaves individuals at high risk for death from COVID-19, and that he is a medically vulnerable prisoner who should not remain in prison.

---

[2]Defendant's requests to prison officials for a compassionate release were based on his wanting to help support his elderly mother and as "caretaker for dependent mother." Defendant did not request a compassionate release based on his age or asthma. (Docket Entry No. 702, Exhibit A.) "Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request." *United States v. Moser*, 2020 WL 7695998, at *2 (N.D. Tex. Dec. 24, 2020) (citing *United States v. Knox*, 2020 WL 4432852, at *1 (N.D. Tex. July 31, 2020)). Defendant has not afforded the BOP a first opportunity to assess the merits of his request predicated on an asthma medical condition and/or his age. Nevertheless, the Court has determined that he is not entitled to a compassionate release.

Neither party has submitted copies of defendant's relevant medical records. However, the Government agrees that defendant has been diagnosed with asthma and that it is being treated with an albuterol inhaler. Defendant makes no argument that his asthma is not under control or is not being medically treated.

According to updated CDC guidelines available online, "adults of any age with the following conditions *might be at an increased risk* for severe illness from the virus that causes COVID-19: asthma (moderate to severe)[.]"[3] Defendant has not shown that he has moderate to severe asthma or that it is uncontrolled, or that his controlled asthma puts him at high risk for serious illness or death should he contract COVID-19. Moreover, defendant does not show that his asthma substantially diminishes his ability to provide self-care in prison, or that being 54 years' of age puts him at high risk for serious illness or death should he contract COVID-19. Indeed, as noted earlier, defendant had a positive COVID-19 test in September 2020, and he presents no medical records showing that he has not fully recovered from any infection or symptoms of an infection.

Petersburg Low FCI currently reports having three prisoners with positive COVID-19 test results. A total of 310 prisoners have recovered from COVID-19 infections at the facility, with no reported deaths.[4] Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract the virus. It appears from the BOP's online statistics that

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed on March 5, 2021).

[4] *See* https://www.bop.gov/coronavirus/ (accessed on March 5, 2021).

Petersburg Low FCI is handling the pandemic appropriately, and there is no dispute that defendant is, and has been, receiving adequate medical care for his asthma.

Defendant's controlled asthma and his age do not meet the threshold requirements as extraordinary and compelling reasons for a compassionate release. Moreover, Petersburg Low FCI currently has the COVID-19 outbreak under control and defendant continues to receive medical treatment for his asthma. He has recovered from an earlier positive COVID-19 test and/or infection. His desire to help provide care for his aging mother, while understandable, does not constitute grounds for a compassionate release. Defendant acknowledges in his motion that his two sisters live close to their mother and are taking care of her. (Docket Entry No. 702, pp. 5–6.)

No extraordinary and compelling reasons for a compassionate release are shown by defendant's factual circumstances. Nevertheless, the Court will also consider the additional factors under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a), below.

*Danger to the Community*

The Court does not find that defendant would remain a danger to the community if released from incarceration at this time.

*Sentencing Factors*

The Court's consideration of defendant's sentencing factors, however, weigh against a compassionate release. Defendant has served approximately one-half of his sentence, reports himself as an "exemplary" prisoner, and his crime as a first-time offender was non-violent in nature. However, the Court must consider under section 3553(a) whether reducing defendant's sentence to time served would "promote respect for the law, provide just punishment, [and] afford adequate deterrence." *See United States v. Thompson*, 984 F.3d 431, 2021 WL 37493, at *3 (5th Cir. 2021)

(noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences").

Although defendant's crime was non-violent, there is no question that it presented an extensive danger to an untold number of citizens. As the Government persuasively argues, defendant "was a leader/organizer of one of the largest synthetic drug manufacturing and distribution conspiracies in the United States. [He] and his co-conspirators manufactured and distributed some of the largest quantities of synthetic narcotics, many of which were targeted specifically for children, in the country." (Docket Entry No. 703, p. 7.) In his Sentencing Memorandum, defendant attempted to justify his criminal behavior by arguing synthetic drugs had become very popular and were a way to make money: "[T]he synthetics product industry was a nationwide trend and [defendant] observed it as a way of adding to the businesses that he worked in and for in order to provide for his family. His crime was based on his myopic attempt to capitalize on a fad to make money through the popular sale of these products in convenience stores." (Docket Entry No. 539, pp. 2–3.) Defendant never disputed that his conduct was criminal and that his illegal synthetic narcotic products endangered the lives of his customers, including children. Nevertheless, he continued his illegal synthetic drug business for several years, ending only when he was arrested in May 2016 on the instant charges.

In light of defendant's criminal conduct and federal conviction, the Court is of the opinion that reducing his sentence to time served and allowing him to return home would not promote respect for the law, provide just punishment, or afford adequate deterrence.

*Conclusion*

For the reasons set forth above, defendant's motion for compassionate release (Docket Entry No. 702) is DENIED.

Signed at Houston, Texas, on March 8, 2021.

_____
Gray H. Miller
Senior United States District Judge